**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: _____

LAWRENCE EDWARDS, on behalf of himself and all others similarly situated,

      Plaintiff,

v.

OILEX, INC. d/b/a/ GREASE MONKEY, a Colorado corporation; and
WAYNE GLASSER, an individual,

      Defendant.

_____

**COMPLAINT AND JURY DEMAND**
_____

      Plaintiff Lawrence Edwards ("Plaintiff"), on behalf of himself and all others similarly situated, by and through counsel, complains as follows:

**NATURE OF THE ACTION**

      1.     This action is brought on behalf of all technicians, including assistant managers, holding comparable positions with different titles (collectively "Technicians and Assistant Managers")[1] employed by Oilex, Inc. ("Defendant Oilex") within Colorado during the last three (3) years, plus any period of tolling, and who were not properly paid overtime compensation.

      2.     This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"). Plaintiff alleges that Defendant Oilex violated the FLSA,

---

[1] On information and belief, Technicians and Assistant Managers were paid on an hourly basis and performed substantially the same work. Individuals with the title Assistant Manager performed the same work as Technicians. While they provided some limited assistance with scheduling, they did not have supervising authority. As detailed *infra*, Assistant Managers are non-exempt under applicable law.

29 U.S.C. §§ 201 *et seq.*, by failing to pay Technicians and Assistant Managers overtime compensation at applicable rates as required by law.

3.      This case is also brought as a class action under Fed. R. Civ. P. 23 and the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 Colo. C. Reg. § 1103-1. Plaintiff alleges that Defendant Oilex violated the COMPS Order by failing to pay Technicians and Assistant Managers overtime compensation at applicable rates as required by law.

## JURISDICTION AND VENUE

4.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under the FLSA.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the FLSA claim that it forms part of the same case or controversy.

6.      Defendant Oilex is subject to personal jurisdiction in Colorado because it has availed itself of the privilege of conducting substantial business in Colorado and certain of the acts and omissions alleged herein arise out of Defendant Oilex's activities in Colorado. Additionally, Oilex is domiciled in Colorado.

7.      Defendant Wayne Glasser ("Defendant Glasser") is subject to general personal jurisdiction in the State of Colorado because he is domiciled in this state.

8.      Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District.

## THE PARTIES

9.      Plaintiff is, and was at all times relevant to this action, an adult individual domiciled

in Colorado Springs, Colorado.

10.     Defendant Oilex is a corporation incorporated under the laws of the State of Colorado with its principal place of business in Denver, Colorado. Defendant Oilex is a franchisee of Grease Monkey and is in the business of providing automotive service to consumers. With 14 locations throughout the state of Colorado, Defendant Oilex is a thriving entity.

11.     Defendant Glasser is, upon information and belief, the majority shareholder of Defendant Oilex.

12.     Defendant Glasser is, and was at all times relevant to this action, responsible for Defendant Oilex's pay practices and exercises substantial control over Defendant Oilex's finances and operations. Among other things, Defendant Glasser determined rates of pay, set out employees' job duties and responsibilities, and was ultimately responsible for approving or disapproving time entries. In online advertising, Defendant Glasser reports that he "operate[s] and help[s] run multiple locations[,]" confirming his involvement in the day-to-day responsibilities of running the business. *See* https://www.executivefranchises.com/automotive-franchises/grease-monkey-franchise-opportunity/#.YT-BRy1h3R0 (last accessed September 13, 2021). Accordingly, Defendant Glasser is individually liable for Defendant Oilex's illegal pay practices as alleged herein pursuant to the FLSA and the COMPS Order.

13.     Defendant Oilex and Defendant Glasser are collectively referred to as "Defendants."

14.     Plaintiff Edwards was employed as a Technician by Defendant Oilex at one of its Grease Monkey locations in Colorado. Plaintiff Edwards began his employment in or around August 2011 and ended his employment in or around February 2021.

15.     Plaintiff Edwards was hired as a Technician in August 2011 and was given the title Assistant Manager in or around August 2015. Plaintiff Edwards was paid on an hourly basis in both positions.

## COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiff seeks to prosecute his FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Defendant Oilex as Technicians and/or Assistant Managers in the United States at any time in the last three (3) years, plus any period of tolling, through the entry of judgment in this case and who were not paid overtime for all hours worked in excess of forty (40) in a workweek ("Collective").

17.     Plaintiff will fairly and adequately protect the interests of the members of the Collective and have retained counsel who are experienced and competent in the fields of wage and hour law and collective action litigation. Plaintiff has no interest contrary to or in conflict with the members of the Collective.

18.     The members of the Collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff sues on his own behalf and on behalf of a class of employees under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure based on Defendant Oilex's violations of the COMPS Order.

20.     Plaintiff brings his Colorado state law claim on behalf of all employees who were

employed by Defendant Oilex in Colorado at any time in the last three (3) years, plus any period of tolling, through the date of the entry of judgment in this case who hold or held the position of Technician or Assistant Manager (or similar title as defined *supra*) and who were not paid overtime compensation for all hours worked, or at an appropriate rate of pay for all hours worked, in excess of forty (40) in a workweek or twelve (12) in a workday ("Overtime Class").

21.     The members of the Overtime Class are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant Oilex, upon information and belief, there are over one hundred members of the Overtime Class.

22.     Plaintiff's claims are typical of the claims of the members of the Overtime Class. Plaintiff performed the same essential job duties as the members of the Overtime Class; Defendants paid Plaintiff and the members of the Overtime Class pursuant to the same policies and procedures; and Plaintiff and the members of the Overtime Class were victims of the same wrongful conduct in which Defendants engaged in violation of the COMPS Order.

23.     The class action mechanism is superior to any alternatives which may exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which injured parties can effectively litigate against highly-capitalized corporate defendants like Defendant Oilex. Numerous repetitive individual actions would also place an

undue burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendant Oilex's conduct.

24.     Defendant Oilex has acted or refused to act on grounds generally applicable to the Overtime Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Overtime Class as a whole.

25.     Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

26.     Plaintiff will fairly and adequately protect the interests of the members of the Overtime Class.

27.     There are questions of law and fact common to the Overtime Class which predominate over any questions solely affecting the individual members of the Overtime Class, including, but not limited to:

    a.   Whether Defendant Oilex employed the members of the Overtime Class within the meaning of the COMPS Order;

    b.   Whether Defendant Oilex's policies and practices described within this Complaint are illegal;

    c.   Whether Defendant Oilex paid the members of the Overtime Class for all hours they worked;

    d.   Whether Defendant Oilex properly tracked and/or calculated the number of overtime hours payable to the members of the Overtime Class based on their work beyond forty (40) hours in a workweek and/or twelve (12) hours in a workday;

    e.   What proof of hours worked is sufficient where, as here, Defendant Oilex failed in

its duty to keep and maintain accurate time records; and

    f.   Whether Defendants are liable for all damages claimed hereunder.

## STATEMENT OF FACTS

28.    Grease Monkey International is a franchisor of automotive service centers offering oil changes, maintenance, and other car care services with locations throughout the United States. Grease Monkey International operates through a number of franchisees, including, among others, Defendant Oilex. Defendant Oilex, however, ultimately employs all Technicians and Assistant Managers and establishes their pay practices.

29.    Each Defendant Oilex location is staffed primarily by Technicians who, among other things, perform oil changes, preventative maintenance, and various automobile care services.

30.    All Technicians and Assistant Managers are compensated on an hourly basis, are paid twice monthly, and should be paid overtime compensation for hours worked over forty (40) in a workweek and over twelve (12) in a workday.

31.    Plaintiff Edwards was employed by Defendant Oilex as a Technician at the Grease Monkey location at 3795 Airport Road, Colorado Springs, Colorado from in or around August 2011. He began work as a Technician and was given the title Assistant Manager in or around August 2015. He performed the same duties as a Technician and continued to be paid hourly. Plaintiff Edwards terminated his employment at Grease Monkey in or around February 2021.

32.    Assistant Managers do not have the authority to hire or fire employees. They also do not have authority to exercise discretion or independent judgment as to matters of significance and are not involved in Defendant Oilex's management.

33.    To the contrary, and despite their title, Assistant Managers' essential job duties are

substantively identical to those of the Technicians with whom they work. For example, Plaintiff Edwards often performed oil changes or other automotive maintenance.

34. Technicians and Assistant Managers routinely work more than forty (40) hours per workweek. For example, Plaintiff Edwards regularly worked over sixty (60) hours per workweek.

35. For example, the workweek beginning November 8, 2020 was a light week because Plaintiff only worked approximately forty-nine (49) hours. Defendants, however, failed to pay Plaintiff Edwards for all of this time, including required overtime premiums, in violation of the FLSA.

36. Defendant Oilex has failed to pay Technicians, including Plaintiff, for all hours worked and/or to properly calculate Technicians' proper rates of overtime pay.

37. Defendant Oilex has in place inadequate timekeeping methods for tracking and recording the time Technicians and Assistant Managers spend working.

38. Defendant Oilex has a uniform policy and practice to not pay Technicians and Assistant Managers for all hours worked in excess of forty (40) per workweek. For example, Defendant Oilex would not consistently pay Technicians and Assistant Managers at the proper overtime rate (not less than one-and-one-half their regular rate of pay).

39. Defendant Oilex calculated Plaintiff's overtime compensation based on an "80-hours per two-weeks" model (*i.e.*, Plaintiff was only paid overtime if he worked in excess of eighty (80) hours over the course of two consecutive workweeks).[2] The FLSA and COMPS Order, however, require that overtime be calculated on a workweek-by-workweek basis.

40. Defendants' violations of the FLSA are not in good faith. Defendant Oilex and

---

[2] Even then, Plaintiff was not paid for all overtime he worked.

Defendant Glasser are well aware of their legal obligation to pay overtime compensation because, among other things, Plaintiff complained about Defendant Oilex's failure to properly pay overtime. In response to these complaints, Defendant Oilex would inform Plaintiff that "it's just the way it is."

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION**
*Against Both Defendants*

41.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

42.     At all relevant times, Defendant Oilex has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

43.     At all relevant times, Defendant Glasser has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA.

44.     At all relevant times, Defendants employed, and/or continue to employ, each of the members of the Collective within the meaning of the FLSA.

45.     At all relevant times, Defendant Oilex has had gross annual revenues in excess of $500,000.

46.     Plaintiff consents in writing to be parties to this action pursuant to 29 U.S.C. § 216(b). A copy of Plaintiff's written consent is attached as Exhibit 1.

47.     At all relevant times, Defendant Oilex has had a uniform policy and practice to not pay Technicians and Assistant Managers for all hours worked and/or to not pay overtime compensation for all overtime hours worked at legally mandated rates.

48.     As a result of Defendant Oilex's failure to properly compensate its employees, including Plaintiff and the members of the Collective, Defendant Oilex has violated, and continues

to violate, the FLSA.

49.     As an employer within the meaning of the FLSA, Defendant Oilex has a duty to create and maintain records of employee hours. Defendant Oilex failed to do so.

50.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51.     Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the members of the Collective, is entitled to recover from Defendants unpaid overtime compensation, liquidated damages, Defendant Oilex's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**COMPS ORDER – CLASS ACTION**
*Against Both Defendants*

52.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

53.     At all relevant times, Plaintiff and the members of the Overtime Class were employed by Defendants within the meaning of the COMPS Order.

54.     Because Defendant Oilex was, at all relevant times, an employer within the meaning of the FSLA, it was also an employer within the meaning of the COMPS Order pursuant to 7 CCR § 1103-7-2.7.

55.     Because Defendant Glasser was, at all relevant times, an employer within the meaning of the FSLA, he was also an employer within the meaning of the COMPS Order pursuant to 7 CCR § 1103-7-2.7.

56.     Defendants violated the COMPS Order by failing to pay Supervisors all overtime

compensation to which they are entitled at the legally required rates.

57.    Plaintiff and the members of the Overtime Class are entitled to recover from Defendants overtime compensation at the appropriate premium for all hours worked over forty (40) in a workweek and twelve (12) in a workday, any statutory penalties, Defendant Oilex's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to the COMPS Order.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all other members of the Collective and Overtime Class, requests this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the members of the Overtime Class and appointing Plaintiff and his counsel to represent the Overtime Class;

c.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and COMPS Order;

d.    An injunction requiring Defendants to cease its unlawful practices under, and to comply with, the COMPS Order;

e.  An award of overtime compensation due under the FLSA and the COMPS Order;

f.  An award of liquidated damages and/or statutory penalties as a result of Defendants' willful failure to properly pay overtime compensation;

g.  An award of damages representing Defendant Oilex's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h.  An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

i.  An award of costs and expenses of this action together with attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he and all members of the Collective and Overtime Class have a right to jury trial.

Respectfully submitted this 13th day of September, 2021.

*/s/ Andrew E. Swan*
Paul F. Lewis
Michael D. Kuhn
Andrew E. Swan
LEVENTHAL | LEWIS
KUHN TAYLOR SWAN PC
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Telephone:     (719) 694-3000
Facsimile:     (866) 515-8628
Email:          plewis@ll.law
                mkuhn@ll.law
                aswan@ll.law

*Attorneys for Plaintiff*